UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-9201 PA (SSCx) | Date | September 30, 2026 |
| Title | Rogelio Santibanez v. Samart Smokes, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

The Court has received a "General Denial" filed by defendant Samart Smokes, Inc. ("Samart Smokes") and is signed by Karen Ghazaryan. The General Denial was prepared using a form published by the Judicial Counsel of California for use in California's state courts, but does not comply with the pleadings requirements of the Federal Rules of Civil Procedure applicable in federal courts. The General Denial was filed on September 30, 2026, the same day that the Clerk entered Samart Smokes' default after plaintiff Rogelio Santibanez ("Plaintiff") filed a Request for Clerk to Enter Default. Additionally, there is no indication that Karen Ghazaryan is an attorney, so it appears that Samart Smokes is attempting to appear in this action pro se.

Although the Central District's Local Rules allow individuals to represent themselves, and themselves only, the Local Rules generally prohibit individuals from acting as counsel for others. Specifically, the Local Rules state:

> **L.R. 83-2.2.1 Individuals.** Any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person — even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel.
>
> **L.R. 83-2.2.2 Organizations.** Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-9201 PA (SSCx) | Date | September 30, 2026 |
|---|---|---|---|
| Title | Rogelio Santibanez v. Samart Smokes, Inc., et al. | | |

Local Rule 83-2.2. Because Samart Smokes is a corporation, and the General Denial does not appear to be signed by an attorney, the filing of the General Denial by Samart Smokes pro se appears to be in violation of Local Rule 83-2.2.2 and Samart Smokes may not appear without an attorney. See Flymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotations and citations omitted); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well-established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Because Samart Smokes filed the General Denial on the same day that the Clerk entered its default, the Court vacates the default (Docket No. 19). However, because a non-lawyer cannot represent an entity, the Court orders Samart Smokes to show cause in writing by no later than November 2, 2026, why its General Denial should not be stricken and its default entered. The filing of an Amended Answer or other appropriate document by an attorney authorized to appear in the Central District by that date will be deemed a sufficient response to the Order to Show Cause. Failure to adequately respond to this Order to Show Cause by November 2, 2026, may, without further warning, result in the striking of Defendant's General Denial and the entry of its default.

IT IS SO ORDERED.